# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

DOMINIC MILLER,            )
                           )
    Plaintiff,          )
                           )
v.                         )
                           )  Case No. CV416-008
CAROL BRANHAM and MARY     )
SUSAN FITZGERALD,          )
                           )
    Defendants.         )

## ORDER

Proceeding *pro se*, plaintiff Dominic Miller seeks a writ of mandamus directing (1) a state agency to cease collecting child support payments, and (2) the Chatham County, Georgia jail to release him from custody. Doc. 1. He also moves for leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915. Doc. 2. While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve him of the obligation to pay his own way where it is possible to do so without undue hardship. *Id.* at 339-40.

On his IFP application, Miller claims a $400 per week income. Doc. 2 at 2. He also apparently owns three vehicles. *Id.* His declared expenses include standard utilities, a title pawn, and support for two minor children. *Id.* Miller also includes as an expense the $1,750 monthly rent for his body shop. *Id.*

Absent contrary evidence, the Court presumes, as is typically the case, that people pay commercial rents with business, not personal, income. For Miller, that assumption leaves utilities, a title pawn, and supporting two children as monthly expenses. Unless he lives in his body shop, however, Miller also must pay rent. Yet, he never states how much he pays for the rent, much less utilities, the title pawn, or his children.

Wary of such discrepancies and cognizant of how easily one may consume a public resource with no financial skin in the game,[1] this Court demands supplemental information from IFP movants who make a dubious showing of indigency. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1313 (10th Cir. 2005) (court did not abuse its discretion by denying status to Social Security benefits claimant seeking judicial review of

---

[1] "[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Commissioner's benefits denial; claimant, after having been specifically instructed on how to establish IFP status, failed to fill out proper forms or otherwise provide court with requisite financial information); *Jackson v. Tucker*, 2014 WL 851438 at * 1 (S.D. Ga. Mar. 5, 2014) ("After further review, the Court is not satisfied with his response. It undeniably costs money to live, and Jackson not only swears he has zero assets of any kind, but that he also supports two children. That's plainly not credible.") (cite omitted).

To that end, within 14 days of the date this Order is served, Miller shall file a new IFP application,[2] and shall disclose to the Court the following information:

(1) How much he spends each month for basic living expenses such as food, clothing, and utilities, and the dollar value of any public or private assistance he may receive;

(2) How he pays his body shop rent (*i.e.*, with personal or business income) and whether he also pays rent (and if so, how much) for a residence;

(3) How much he pays towards his title pawn and to support his two children.

---

[2] Failure to file a new application will result in a failure-to-follow-a-court-order dismissal recommendation. *See* Fed. R. Civ. P. 41(b); L.R. 41(b).

3

(4) Whether he possesses a cellular telephone, TV set, and any home electronics equipment (include estimated value and related carrying expenses, such as carrier and subscription fees);

(5) Whether he has any credit or debit cards;

(6) Whether he anticipates any future income (within the next year); and

(7) A list of any other cases showing an indigency-based, filing fee reduction or waiver granted by any other court (include the full case name, case number and the name of the court granting same).

Answering these points will better illuminate plaintiff's true financial condition. In that regard, he must again declare the facts she pleads to be true under penalty of perjury.[3]

**SO ORDERED,** this 11 day of January, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] The Court tolerates no lies. *Ross v. Fogam*, 2011 WL 2516221 at * 1 (S.D. Ga. June 23, 2011) ("Ross, a convicted criminal, chose to burden this Court with falsehoods, not honesty. The Court thus rejects Ross's show cause explanation, as it is clear that he purposefully chose to disguise his filing history and financial status."); *see also Moss v. Premiere Credit, LLC*, CV411-123, doc. 54 (S.D. Ga. Mar. 6, 2013) (Eleventh Circuit Order: "Moss's [IFP on appeal] motion is DENIED because her allegation of poverty appears to be untrue in light of her financial affidavit and filings in the district court."). And those that do lie face consequences. *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction).